Opinion filed July 30, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed July 30,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00002-CR

                                                     __________

 

                                FABIAN
DERELL BROWN, Appellant

 

                                                             V.

 

                                       
STATE OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 8119D

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

Fabian
Derell Brown appeals from a guilty verdict for assault-family violence.  We
affirm.

Background
Facts








Appellant
was charged with intentionally, knowingly, and recklessly causing bodily injury
to Tomasa Garcia, a member of his family or household, by striking her on and
about her face with his hand.  The indictment was enhanced to a third degree
felony based on a prior conviction for assault-family violence.  Appellant
pleaded not guilty to the charge but entered a plea of true to the enhancement
paragraph and proceeded to a jury trial.  The jury found him guilty and the
enhancement allegation true, and the court assessed his punishment at
confinement for twenty-five years in the Texas Department of Criminal Justice,
Institutional Division.

Issues
on Appeal

Appellant
asserts in two issues that the evidence is legally and factually insufficient
to sustain his conviction for assault-family violence.

Standard
of Review

In
order to determine if the evidence is legally sufficient, we review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). 
The factfinder is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Tex.
Code Crim. Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon
1979).  The factfinder may choose to believe or disbelieve all or any part of
any witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To
determine if the evidence is factually sufficient, we review all of the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, we determine whether the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson,
204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

Analysis


A
person commits an assault-family violence if he intentionally, knowingly, or
recklessly causes bodily injury to another, including the person=s spouse.  Tex. Penal Code Ann. ' 22.01(a) (Vernon Supp.
2008).  ABodily injury@ means physical pain,
illness, or any impairment of physical condition.  Tex. Penal Code Ann. '
1.07(8) (Vernon Supp. 2008).  The definition of bodily injury is broad and
encompasses even relatively minor physical contacts as long as they constitute
more than mere offensive touching.  Lane v. State, 763 S.W.2d 785, 786
(Tex. Crim. App. 1989).








Officer
Santos Perez testified that he was dispatched to a domestic disturbance call. 
When he arrived at the scene, Officer Perez  saw appellant with his finger in
Garcia=s face yelling
at her.  Officer Perez told appellant to step away from Garcia and to settle
down, but appellant ignored Officer Perez and continued to yell and point his
finger at Garcia.  Officer Perez then grabbed appellant and took him to his
patrol car.  Officer Perez smelled alcohol on appellant, and he believed him to
be intoxicated.  Officer Perez placed appellant under arrest for public
intoxication.  Officer Perez testified that Garcia looked scared and that
she had been crying.  Officer Perez further testified that Garcia told him that
she had a cut on the inside of her mouth but that he did not observe it.

Officer
Martin Walker testified that he received a call regarding a domestic
disturbance.  Officer Walker interviewed Garcia at the scene.  Garcia told him
that she and appellant had gotten into an argument and that appellant had
struck her three times on the side of her face.  Officer Walker testified
that he saw cut marks on the inside of her lip and on the left side at the
crease of her mouth.  Officer Walker did not take pictures of Garcia=s injury because a camera
was not available at that time.  On cross-examination, Officer Walker testified
that he did not see appellant strike Garcia.

Garcia
testified that she and appellant had been married for eight years.  Garcia
further testified that she did not want to testify against her husband but that
she would tell the truth.  On the night of the assault, Garcia was staying with
her friend when appellant knocked on the door looking for her.  When she opened
the door, appellant slapped her across the face and busted her lip.  She
further testified that, at some point during the argument, appellant grabbed
her by the hair and threw her down the stairs.  Garcia also gave a statement
regarding the assault three days after the incident.  In her statement, she
stated that she wanted to press charges against appellant and that she had a
cut inside her mouth.  On cross-examination, Garcia testified that she was
using crack cocaine and marihuana on the day of the incident and that she
continued to use drugs up until her incarceration for a state jail felony.








Appellant
argues that the evidence is insufficient to show that he caused bodily injury
to Garcia because of Garcia=s
conflicting testimony and her wish not to testify against appellant.  Appellant
also argues that no jury could have found appellant guilty because neither of
the officers saw appellant hit Garcia.  We disagree.  Both officers testified
that Garcia told them she had a cut on the inside of her mouth from appellant
slapping her on the left side of her face.  Officer Perez witnessed appellant
pointing his finger in Garcia=s
face, yelling at her, and refusing to get away from her.  Garcia testified that,
when appellant slapped her across the face, he caused a cut on the inside of
her mouth.  Further, her testimony regarding the facts of the night of the
assault was the same as the statement she gave days after the incident.  Even
though Garcia stated that she did not want to testify against appellant, her
testimony was clear that, when appellant slapped her across the face, he caused
a cut on the inside of her mouth.

 Considering
the entire record, the evidence is legally and factually sufficient to show
that appellant caused bodily injury to Garcia.  We overrule appellant=s first and second issues
on appeal.

Conclusion

We
affirm the judgment of the trial court.

 

 

RICK STRANGE

JUSTICE

 

July 30, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and
Strange, J.